IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LAWTON WALKER and KRISTEN WALKER,<br><br>　Plaintiff,<br><br>V.<br><br>JRCL, INC. D/B/A PAUL DAVIS RESTORATION OF THE GOLDEN ISLES, MICHAEL K. CHERRY, and MARION D. BUCK,<br><br>　Defendants. | CIVIL ACTION NO.<br>4:20-cv-00018 |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF PLAINTIFF'S FLSA CLAIM AND INCORPORATED MEMORANDUM OF LAW**

COME NOW, Plaintiffs, LAWTON WALKER and KIRSTEN WALKER, and Defendants, RCL, INC. D/B/A PAUL DAVIS RESTORATION OF THE GOLDEN ISLES, MICHAEL K. CHERRY, and MARION D. BUCK (collectively, the "Parties"), and respectfully file this Motion for an Order approving their settlement agreement pertaining to Plaintiff's claim under the Fair Labor Standards Act ("FLSA") as fair and reasonable and, consequently, dismissing the FLSA claim with prejudice, as follows:

1. In their Complaint, Plaintiffs assert claims against Defendants under the FLSA. Defendants dispute such entitlement.

2. A bona fide dispute, thus, exists between the Parties.

3. Following a review of evidence and case law by their respective

1

counsel, and without admitting or conceding any liability or damages, and solely to avoid the burden, expense and uncertainty of continued litigation, the Parties successfully negotiated a settlement of the FLSA claim.

4. The Parties now seek approval of the settlement and stipulate to a dismissal of the entire action, with prejudice, pursuant to Fed. R. Civ. P. 41.

5. Indeed, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Parties and their counsel believe the settlement as provided in this Agreement is in the best interests of the Parties and represents a fair, reasonable, and adequate resolution.

6. The Parties represent that, in accordance with the terms of the Agreement, Plaintiffs are receiving a reasonable and satisfactory recovery as payment for alleged unpaid wages, plus payment of an agreed upon amount for attorneys' fees and costs, which were negotiated separately without regard to the amount of money paid to settle Plaintiffs' FLSA claim.

7. Under the Agreement, Defendants will pay Plaintiffs each $2,000.00, less applicable payroll taxes and withholding, in consideration of her underlying claim for alleged unpaid wages and overtime compensation as part of the dismissal of Plaintiffs' FLSA claim. Plaintiffs have agreed that this amount provides a fair and reasonable resolution of their claims under the FLSA based on their estimates of unpaid time given their documented work hours.

8.  In addition to the payment outlined in Paragraph 7 above, Defendants will pay each Plaintiff $2,000.00 as consideration for dismissal of their underlying claim for liquidated damages under the FLSA.

9.  Separately, Defendants will pay to Plaintiffs' counsel $22,000.00 for attorneys' fees and costs incurred in connection with the FLSA claim. Undersigned counsel aver that the amount of attorneys' fees was negotiated apart from the agreement on the amount of settlement funds to be paid to the Plaintiffs. The undersigned further stipulate that the amount of attorneys' fees and costs are reasonable, given that they are less than the actual fees and costs incurred. As shown in Exhibit B, Plaintiffs' actual fees incurred in this matter are $41,418.00 and their costs are $4,275.50, for a total of $45,693.50.[1]

10. An executed copy of the Settlement Agreement is attached hereto as Exhibit A.

11. The Parties, thus, jointly submit that the settlement reached herein is fair and reasonable.

12. Plaintiffs have been fully apprised of their potential damages and liquidated damages were they to prevail, are represented by counsel, and have voluntarily chosen this compromise. Plaintiffs further have been advised that if they

---

[1] The invoices are attached for demonstrative purposes only, Plaintiffs have not and will not be responsible for the difference in the amount billed and the amount recovered. Further, Plaintiffs are not seeking this amount from Defendants.

3

proceed in this matter, they may prove all of the damages, or a jury may choose to credit the employer's position, and that they may receive a lesser, or no, recovery. In fact, after a review of payroll records and time records, Plaintiffs are receiving substantially equivalent to full recovery including liquidated damages.

13. The Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) has been interpreted as holding that a release of back wage claims arising under the FLSA is not enforceable unless: (a) supervised by the Department of Labor, or (b) included in the settlement approved by the Court in an action brought under the FLSA to recover unpaid wages if the parties propose a "compromise" that resolves a "bona fide dispute."

14. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

15. In support of this Motion, the Parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendants to resolve Plaintiffs' claim for fees under the FLSA, are fair and reasonable, and were negotiated separately from the amount for Plaintiffs' underlying claims; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores,* there are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id*. at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the

5

existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton, 2007 U.S. Dist.* LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States Deptt of Labor*, 649 F.2d 1350, 1353 (11th Cir. 1982). Many courts have acknowledged that the parties are generally in a better position than the court to determine whether a settlement agreement under the FLSA is fair and reasonable. *See, e.g., Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 n.6 (M.D. Fla. 2009). Moreover, if the parties are "represented by competent counsel in an adversary context," as here, "the settlement they reach will, almost by definition, be reasonable." *Id.* at 1227 n.6. Finally, there is a "strong presumption in favor of finding a settlement fair." *Rastellini v. Amy Charles, Inc.*, 6:08-cv-255-ORL-28GJK, 2009 WL 2579316 at *2 (M.D. Fla. Aug. 17, 2009 (citing

*Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977))[2]; *accord Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources").

Here, the Parties jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate the FLSA claim and available defenses, and to make recommendations to the respective Parties in agreeing upon the resolution of Plaintiffs' FLSA claim as set forth in this Joint Motion. After conducting depositions, written discover and exchanging information regarding Plaintiffs' employment and engaging in informal settlement negotiations, the Parties, in order to avoid the uncertainties and costs of further litigation, have agreed upon a compromise with Plaintiffs' receiving a recovery acceptable to them (which takes into account Plaintiffs' personal interest in ending litigation at this stage and the inherent uncertainties of litigation).

Plaintiffs are fully apprised of their potential damages and liquidated damages were they to prevail, are represented by counsel, and have voluntarily chosen this compromise. Plaintiffs have been advised that if they proceed in this matter, they may prove all of the damages, or a jury may choose to credit the employer's position,

---

[2] Decisions of the Fifth Circuit rendered before October 1, 1981 are binding upon panels of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*per curiam*).

7

and that she may receive a lesser, or no, recovery. In fact, after a review of payroll records and time records, Plaintiffs are receiving substantially equivalent to full recovery including liquidated damages. In light of this, and the uncertainty of litigation, Plaintiffs agree that the payment they is receiving as settlement of their FLSA claims constitute a reasonable and informed compromise.

Accordingly, in light of Defendants' agreement to pay Plaintiffs the sum of $2,000.00, apart from their attorney's fees, and separate from their claim for liquidated damages, the Parties stipulate that their Agreement is fair and reasonable. Further, the attorney's fees and costs are not a percentage of Plaintiffs' recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorneys' fees and costs being paid by Defendants on Plaintiffs' behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiffs' attorneys' fees and costs were claimed by Plaintiffs and their counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims and are far less than the actual amount incurred in prosecuting their claims. As Judge Presnell explained in *Bonetti v. Embarq Management Co.,* 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to

believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to the plaintiff's counsel.

The compromise agreed upon by the Parties resolves all of Plaintiffs' claims for attorneys' fees under the FLSA and Plaintiffs have no responsibility to their counsel for any out of pocket sums. Importantly, the Parties, at all times, were respectively represented by competent counsel with experience in labor and employment law.

The settlement of Plaintiffs' FLSA claim is the result of a bona fide compromise between the Parties on a variety of disputed issues of law and fact. The Parties further advise the Court that their settlement herein includes every term and condition of the Parties' settlement of the FLSA claim.

The Parties stipulate that they are resolving the matter in order to avoid the cost and time of litigation, as well as the risks associated with continued litigation. Defendants admits no fault or liability in this matter.

For these reasons, the Parties jointly request that this Court enter an Order approving the Parties' settlement of Plaintiffs' FLSA claim and dismiss them and this claim with prejudice, while retaining jurisdiction to enforce the terms of the settlement agreement.

Respectfully submitted September 21, 2021.

/s/ William S. Cleveland
William S. Cleveland, Esq.
Poole Huffman, LLC
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Ga 30084
(404) 373-4008
(888) 709-5723 - FAX
billy@poolehuffman.com

/s/ Andrew Y. Coffman
Andrew Y. Coffman, Esq.
Parks, Chesin & Walbert, P.C.
75 14th Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000
(404) 873-8050 - FAX
acoffman@pcwlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**


/s/ G. Todd Carter
G. Todd Carter
Georgia State Bar Number: 113601
BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
(31520) Post Office Box 220
Brunswick, GA 31521
(912) 264-8544

(912) 264-9667 FAX
tcarter@brbcsw.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant hereby certifies the foregoing has been electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record in this action.

Respectfully submitted: September 21, 2021.

/s/ William S. Cleveland
William S. Cleveland, Esq.
Poole Huffman,
LLC
3562 Habersham at
Northlake
Building J, Suite 200
Tucker, Ga 30084
(404) 373-4008
(888) 709-5723 - FAX
billy@poolehuffman.com