```
IN THE UNITED STATES DISTRICT COURT FOR
    THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

| | |
|---|---|
| LAWTON WALKER and KRISTEN WALKER,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>JRCL, INC., d/b/a Paul Davis  )<br>Restorations of the Golden  )<br>Isles; MICHAEL K. CHERRY; and  )<br>MARION D. BUCK;  )<br>)<br>Defendants.  )<br>) | CASE NO. CV420-018 |

## O R D E R

Before the Court is the parties' Notice of Filing their FLSA Settlement Agreement and Release. (Doc. 50.) Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982), and 29 U.S.C. § 216(b), the Court must scrutinize the proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claim for fairness before entering a stipulated judgment. The Court denied the parties' previous requests for settlement approval, and they have now submitted a revised agreement. For the following reasons, the parties' request to approve their revised FLSA Settlement Agreement and Release (Doc. 50) is **GRANTED.**

### ANALYSIS

In its prior orders, the Court explained the procedures for employees to settle or otherwise compromise FLSA claims.

Accordingly, the Court incorporates by reference its explanation of the legal standard for settlement of FLSA claims as well as its determination that the present case presents a bona fide dispute over FLSA provisions. (Doc. 42 at 2-3.) The Court also rejected the parties' previous proposed settlement agreements and releases because of impermissibly pervasive release provisions, an overbroad amendment provision, and a lack of information regarding the proposed settlement amount. (Doc. 42 at 3-6, 8; Doc. 44 at 2-3; Doc. 49 at 3-4.) In this order, the Court will discuss only the specific issues that it asked the parties to address when it denied their previous settlement agreements and now turns its inquiry to those issues.

A.   Release Provision

In its November 2021 Order, the Court found that the clause releasing claims that could have been asserted in the lawsuit in the parties' first Settlement Agreement and Release potentially released Defendants from non-FLSA claims, rendering it too pervasive to be fair and reasonable. (Doc. 42 at 5-6.) When submitting the second Settlement Agreement and Release, the parties advised the Court they had removed from the release provision the language that the Court deemed to be overly broad. (Doc. 43 at 3.) Upon review, however, the Court discovered the recitals to the second Settlement Agreement and Release contained almost identical language to that which the Court deemed

2

problematic in the first Settlement Agreement and Release and rejected this proposed agreement in its January 2022 Order. (Doc. 44 at 2-3.) The parties then informed the Court they had "remove[ed] all references to any claims other than those asserted in the Complaint and arising under the Fair Labor Standards Act" from the third Settlement Agreement and Release. (Doc. 46 at 1.) Because the third Settlement Agreement and Release released Defendants from a non-FLSA breach of contract claim asserted in the Complaint, the Court was again constrained to reject the parties' third Settlement Agreement and Release as impermissibly pervasive. (Doc. 49 at 3-4.)

Now, the parties have limited the FLSA Settlement Agreement and Release to "the FLSA claims **EMPLOYEES** asserted in the Lawsuit" and removed the release provision. (Doc. 50, Attach. 1 at 2, throughout.) The parties have also advised the Court that they have separately and independently negotiated a resolution of all other pending claims. (Doc. 50 at 1.) The Court is satisfied that the parties' current settlement agreement and release is not unduly pervasive and that independent settlement of non-FLSA claims did not affect the settlement terms of the FLSA claims. See Roman v. Lopez, No. 6:18-cv-621-Orl-41LRH, 2020 WL 1650596, at *3-4 (M.D. Fla. Mar. 31, 2020) (recommending approval of FLSA settlement agreement where non-FLSA claims were resolved by independent settlement agreement).

3

B.  Modification and Amendment Provision

Another issue the Court identified in its November 2021 Order was an unenforceable provision permitting modification or amendment without judicial approval. (Doc. 42 at 6.) In response to this Order, the parties advised the Court that they added language confirming the settlement agreement cannot be modified without approval by the Court. (Doc. 43 at 3-4.) The Court has confirmed this curative language is also included in the FLSA Settlement Agreement and Release. (Doc. 50, Attach. 1 at 5.)

C.  Calculation of Settlement Amount

The Court was also unable to approve the first Settlement Agreement and Release because the parties failed to include sufficient information for the Court to scrutinize their proposed settlement figures for fairness. (Doc. 42 at 4-5.) One of the factors considered in determining whether a settlement agreement is fair and reasonable is "the range of possible recovery[.]" Leverso v. SouthTrust Bank of Ala., Nat'l Assoc., 18 F.3d 1527, 1530-31 n.6 (11th Cir. 1994); Giagnacovo v. Covanta Env't Sols., LLC, No. CV 119-066, 2020 WL 1974400, at *2 (S.D. Ga. Apr. 24, 2020). In the FLSA Settlement Agreement and Release, the parties again propose that Plaintiffs Lawton Walker and Kristen Walker will each receive $2,000.00 for alleged unpaid wages and overtime compensation and $2,000.00 for alleged liquidated damages. (Doc. 50, Attach. 1 at 3.) Now, however, the parties have provided an

4

explanation for how they arrived at the proposed sums. Plaintiffs explained that based on their hourly overtime rates, the workweeks they were employed, and their overtime hours per week, "the total unpaid overtime for each Plaintiff is estimated to be $1,856.25." (Doc. 43 at 8.) Based on this figure, Plaintiffs explained that they could potentially obtain liquidated damages which, along with their unpaid overtime wages, would total $3,712.50. (Id. at 8-9.) Thus, "the negotiated settlement of $4,000 per Plaintiff resulted in $287.50 more than either could have recovered . . . at trial." (Id. at 9.) Plaintiffs acknowledged, however, the vulnerability of their retaliatory termination claims given their testimony about seeking other employment and explained that Plaintiffs were willing to compromise their retaliation claims in favor of obtaining full recovery of their unpaid overtime and liquidated damages. (Id. at 9-10.) Based on the parties' explanation of how they reached the proposed settlement amount, the Court finds that the settlement amount to be collected by Plaintiffs is fair and reasonable.

D.  Calculation of Attorneys' Fees

Finally, the Court cautioned the parties regarding the amount requested for Plaintiffs' attorneys' fees. (Doc. 42 at 7.) "[I]f the parties represent 'that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless . . . there is reason to believe that

5

the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney,' the Court should approve the fee settlement agreement." Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *5 (S.D. Ga. July 8, 2021) (quoting Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)); see also Texas v. New World Van Lines of Fla., Inc., No. 6:20-cv-445-RBD-LRH, 2021 WL 2458409, at *2 (M.D. Fla. June 10, 2021) ("[P]arties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim." (citation omitted)).

Here, the parties propose that Plaintiffs' attorneys receive $4,275.50 in expenses and $17,724.50 in attorneys' fees. (Doc. 43 at 2.) The parties represent that they negotiated the fees and costs after they determined the Plaintiffs' recoveries and "separately[,] without regard to the amount of money paid to settle Plaintiffs' FLSA claim." (Id. at 3, 10-11.) They also explained that they conducted discovery, including the exchange of interrogatories, documents, and the taking of depositions. (Id. at 2.) The Court has reviewed the time sheets of Plaintiffs' attorneys and the explanation for the fees in Plaintiffs' motion and found no reason to believe Plaintiffs' recovery was adversely affected

6

by the amount paid to their attorneys. Accordingly, the Court finds the amount to be paid in attorneys' fees and costs is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint request to approve the FLSA Settlement Agreement and Release (Doc. 50) and **APPROVES** their settlement as set forth in the FLSA Settlement Agreement and Release (Doc. 50, Attach. 1).[1] The parties previously requested the Court dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41. (Doc. 43 at 2-3;

---

[1] The Court notes a scrivener's error of "May 2, 2021" as the effective date of the proposed FLSA Settlement Agreement and Release. (Doc. 50, Attach. 1 at 7.) The Court also notes defendant-employer JRCL, Inc. has not yet signed the proposed FLSA Settlement Agreement and Release, which provides that the agreement is "effective as of the date of the final signature." (Doc. 50, Attach. 1 at 6, 7, 14.) The parties' attorneys have given no indication the proposed FLSA Settlement Agreement and Release is not the final version of their agreement, the parties have indicated it represents the final resolution of the FLSA claims (Doc. 50, Attach. 1 at 5), and regardless, any modification after the Court's approval of this version would be unenforceable absent judicial approval. Norman v. BPR Brampton LLC, No. 6:20-cv-95, 2021 WL 2877601, at *3 (S.D. Ga. July 8, 2021). Accordingly, despite these minor technicalities that may still require modification, the Court approves of the substance of the parties' agreement as required by Lynn's Food Stores.

Doc. 46.)[2] Accordingly, this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 16th day of May 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The parties asked that the Court retain jurisdiction after dismissal to enforce the terms of the settlement agreement. (Doc. 46 at 1; Doc. 50, Attach. 1 at 4.) It is the practice of this Court to relinquish jurisdiction following dismissal of an action. Therefore, this request is **DENIED**.